**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK RIVARY CATALAN-DEL CID, | No. 07-74574 |
| Petitioner, | Agency No. A097-831-362 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Erick Rivary Catalan-Del Cid, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Petitioner contends guerillas kidnaped his son based on petitioner's political opinion or his membership in a particular social group.  Substantial evidence supports the IJ's findings that petitioner failed to establish this incident occurred on account of a protected ground.  *See Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997) (persecution by anti-government guerillas may not, "from that fact alone, be presumed to be 'on account of' political opinion").  As this incident is the only basis for petitioner's claim of past persecution and of a well-founded fear of future persecution, his asylum claim fails.  *See id*.

Because Catalan-Del Cid did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the IJ's denial of CAT relief because petitioner failed to show it is more likely than not that he would be tortured if removed to Guatemala.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED**.

07-74574